UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br>FOR THE USE AND BENEFIT OF<br>HAISLIP CORPORATION,<br><br>      **Plaintiff,**<br><br>v.<br><br>OHIO CASUALTY<br>INSURANCE COMPANY,<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:05CV01049<br>)   Judge: James Robertson<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ohio Casualty Insurance Company ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

The Complaint fails to state a claim upon which relief may be granted.

#### Second Defense

Plaintiff has failed to satisfy all conditions precedent to initiation of this action.

#### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations.

#### Fourth Defense

Plaintiff failed to make reasonable efforts to mitigate its damages.

#### Fifth Defense

Plaintiff's allegations are barred by the doctrine(s) of laches and/or estoppel.

### Sixth Defense

Plaintiff's claims are barred to the extent that payment has been made for work performed under its subcontract agreement with Johnson Controls, Inc.

### Seventh Defense

Plaintiff's claims are barred to the extent that there has been a waiver of claims.

### Eighth Defense

Plaintiff's claims are barred to the extent that Plaintiff seeks payment for work performed under its subcontract agreement with Johnson Controls, Inc. that was not authorized.

### Ninth Defense

Plaintiff's claims are barred to the extent that Plaintiff seeks payment for work that was not performed under its subcontract agreement with Johnson Controls, Inc.

### Tenth Defense

Defendant reserves the right to amend this Answer as necessary up to and including the date of any trial in this matter.

### Eleventh Defense

Defendant denies all allegations not specifically admitted herein.

### Twelfth Defense

Defendant responds to the numbered paragraphs as follows:

1. Defendant is without knowledge to admit or deny the allegations contained in paragraph 1 and demands strict proof thereof.

2. Defendant admits the allegations contained in paragraph 2.

3. The allegations in paragraph 3 are conclusions of law and therefore no response is necessary.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the first clause of paragraph 6. The document referenced in paragraph 6, and attached to Plaintiff's Complaint as Exhibit 1, is the best evidence of its contents and therefore Defendant denies any allegations summarizing the document. Defendant admits that Exhibit 1 appears to be a true and accurate copy of Bond #3597280.

7. Upon information and belief, Defendant admits that Plaintiff entered into an agreement with Johnson Controls. Defendant is without knowledge to admit or deny the remaining allegations contained in paragraph 7 and demands strict proof thereof.

8. Defendant is without knowledge to admit or deny the allegations contained in paragraph 8 and demands strict proof thereof.

9. Defendant is without knowledge to admit or deny the allegations contained in paragraph 9 and demands strict proof thereof.

10. Defendant admits the allegations contained in paragraph 10 to the extent they relate to Defendant and Jones & Wood and the manner in which the letters were received by Defendant and Jones & Wood. Defendant further admits that pages 2-3 of Exhibit 2, Exhibit 3, and Exhibit 4 appear to be true and accurate copies of the correspondence received by Defendant and Jones & Wood; however, Defendant states that Exhibits 2-4 are themselves the best evidence of their contents and, therefore, Defendant denies any allegations summarizing the documents. Defendant denies any remaining allegations in paragraph 10 and demands strict proof thereof.

11. Upon information and belief, Defendant admits the allegations contained in paragraph 11.

12. Upon information and belief, Defendant admits the allegations contained in paragraph 12.

13. Defendant is without knowledge to admit or deny the allegations contained in paragraph 13 and demands strict proof thereof.

14. Defendant is without knowledge to admit or deny the allegations contained in paragraph 14 and demands strict proof thereof.

15. Defendant is without knowledge to admit or deny the allegations contained in paragraph 15 and demands strict proof thereof.

16. Defendant is without knowledge to admit or deny the allegations contained in paragraph 16 and demands strict proof thereof.

## COUNT 1- ACTION ON PAYMENT BOND

17. Defendant repeats and incorporates by reference its responses to the allegations in paragraphs 1-16.

18. Defendant is without knowledge to admit or deny the allegations contained in paragraph 18 and demands strict proof thereof.

19. Defendant is without knowledge to admit or deny the allegations contained in paragraph 19 and demands strict proof thereof.

20. Defendant is without knowledge to admit or deny the allegations contained in paragraph 20 and demands strict proof thereof.

21. Defendant admits the allegations contained in paragraph 21 only to the extent Jones & Wood, as a general contractor, was covered under the Bond by Ohio Casualty, as

surety. The document referenced in paragraph 21, and attached to Plaintiff's Complaint as Exhibit 1, is the best evidence of its contents and therefore Defendant denies any allegations relating to a summary of the document.

22. Defendant denies the allegations contained in paragraph 22 and demands strict proof thereof.

                                    Respectfully submitted,

                                    **LEFTWICH & LUDAWAY, LLC**

                                            /S/
                                  _____
                                  Rebecca L. Taylor (#443401)
                                  Keri V. Smolka (#489520)
                                  1400 K St., NW
                                  Suite 1000
                                  Washington, DC 20005-2403
                                  (202) 434-9100 (voice)
                                  (202) 783-3420 (facsimile)

July 18, 2005

                                  *Counsel for Ohio Casualty*
                                  *Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2005, a copy of Defendant's Answer to Plaintiff's Complaint was served electronically on:

Seth A. Robbins, Esquire
Fred A. Medicinio, Esquire
Quagliano & Seeger, P.C.
2620 P Street, NW
Washington, D.C. 20007

/S/
_____
Rebecca L. Taylor