UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA )<br>FOR THE USE AND BENEFIT OF )<br>HAISLIP CORPORATION, )<br>       )<br>    Plaintiff, )<br>       )<br>v.      )<br>       )<br>OHIO CASUALTY )<br>INSURANCE COMPANY, )<br>       )<br>    Defendant/ )<br>    Third-Party Plaintiff, )<br>       )<br>v.      )<br>       )<br>JOHNSON CONTROLS, INC. )<br>5757 N. Green Bay Avenue )<br>P.O. Box 591 )<br>Milwaukee, WI 53201 )<br>       )<br>    Serve: )<br>    CT Corporation Systems )<br>    4701 Cox Road )<br>    Glen Allen, VA 23060 )<br>       )<br>    Third-Party Defendant. ) | Case No. 1:05CV01049<br>Judge: James Robertson<br>Deck Type: Contract |

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff Ohio Casualty Insurance Company ("Third-Party Plaintiff"), by and through undersigned counsel, for its Third-Party Complaint against Johnson Controls, Inc. ("JCI") sets forth as follows:

### JURISDICTION AND VENUE

1. JCI is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in Milwaukee, Wisconsin.

2. Third-Party Plaintiff is a corporation organized and existing under the laws of the state of Ohio with its principal place of business located in Hamilton, Ohio.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy is in excess of $75,000.00, and the parties are corporations of different states.

4. This Court is proper venue pursuant to 28 U.S.C. §1391, as JCI conducts business in the District of Columbia and the events that gave rise to the instant Third-Party Complaint occurred in the District of Columbia.

## **BACKGROUND**

5. Third-Party Plaintiff incorporates by reference paragraphs 1-4 as set forth herein.

6. Jones & Wood, Inc. ("Jones & Wood") is the General Contractor for the District of Columbia Central Detention Facility HVAC System Upgrade Project, Contract No. CC-0186-AA-2-0-CC ("Project").

7. In conjunction with its work on the Project, Jones & Wood, as Principal, obtained Payment Bond No. 3597280 ("Bond") from Third-Party Plaintiff, as Surety.

8. The Bond encompasses "all persons supplying labor and material in the prosecution of the work provided for in the Contract."

9. In connection with Third-Party Plaintiff's provision of the Bond, Jones & Wood assigned all claims, causes of action and the like against any subcontractor on the Project, including JCI, to Third-Party Plaintiff.

10. On or about April 24, 2001, Jones & Wood entered into a contract with subcontractor JCI for electrical and mechanical work on the Project.

11. Upon information and belief, on or about September 26, 2003, JCI entered into a contract with second tier subcontractor Plaintiff Haislip Corporation ("Plaintiff") for electrical and mechanical work on the Project.

12. Upon information and belief, Plaintiff has satisfactorily performed under its contract with JCI.

13. Plaintiff asserts that $90,564.71 remains due and owing by JCI pursuant to its contract with Plaintiff.

## COUNT I - BREACH OF CONTRACT

14. Third-Party Plaintiff incorporates by reference paragraphs 1-13 as set forth herein.

15. JCI's failure to make payments for work performed under its contract with Plaintiff constitutes a breach of contract.

16. As Surety on the Bond protecting work performed on the Project, Third-Party Plaintiff is a third-party beneficiary of the contract between JCI and Plaintiff and, as such, may enforce the payment obligations against JCI.

## COUNT II - INDEMNIFICATION

17. Third-Party Plaintiff incorporates by reference paragraphs 1-16 as set forth herein.

18. In the event Third-Party Plaintiff is found liable to Plaintiff as a result of JCI's failure to make payment to Plaintiff in breach of the parties' contract, Third-Party Plaintiff is entitled to indemnification from JCI for any monies paid by Third-Party Plaintiff to Plaintiff.

19. Third-Party Plaintiff is entitled to indemnification from JCI for all legal fees and costs incurred by Third-Party Plaintiff for JCI's failure to make payments due and owing under its contract with Plaintiff.

## COUNT III - CONTRIBUTION

20. Third-Party Plaintiff incorporates by reference paragraphs 1-20 as set forth herein.

21. In the event Third-Party Plaintiff is found liable to Plaintiff as a result of JCI's failure to make payment to Plaintiff in breach of the parties' contract, Third-Party Plaintiff is entitled to contribution from JCI for any monies paid by Third-Party Plaintiff to Plaintiff.

22. Third-Party Plaintiff is entitled to contribution from JCI for all legal fees and costs incurred by Third-Party Plaintiff for JCI's failure to make payments due and owing under its contract with Plaintiff.

## COUNT IV – UNJUST ENRICHMENT

23. Third-Party Plaintiff incorporates by reference paragraphs 1-23 as set forth herein.

24. Upon information and belief, Jones & Wood has paid JCI all sums due and owing pursuant to the parties' contract. Upon information and belief, JCI has failed to pay Plaintiff all sums so owing to Plaintiff and, if so, Third-Party Plaintiff may be held liable for such payments.

25. JCI has been unjustly enriched by retaining money paid to it by Third-Party Plaintiff for the purpose of paying money owed by JCI to Plaintiff.

26. Such monies improperly retained JCI should be disgorged.

WHEREFORE, Third-Party Plaintiff respectfully prays as follows:

1. JCI be ordered to pay Third-Party Plaintiff no less than $90,564.71 pursuant to Count I;

2. JCI be ordered to indemnify Third-Party Plaintiff for all costs incurred by Third-Party Plaintiff associated with the current action, including legal fees and costs, pursuant to Count II;

3. JCI be ordered to make a contribution to Third-Party Plaintiff for all costs incurred by Third-Party Plaintiff associated with the current action, including legal fees and costs, pursuant to Count III;

4. JCI be ordered to disgorge all monies retained by it and not paid to Plaintiff pursuant to Count IV;

5. JCI be ordered to pay pre- and post-judgment at the statutory rate on all amounts awarded to Third-Party Plaintiff; and

6. All such further relief as this Court fins just and warranted.

Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**

_____
Rebecca L. Taylor (#443401)
Keri V. Smolka (#489520)
1400 K Street, NW
Suite 1000
Washington, DC 20005-2403
(202) 434-9100 (voice)
(202) 783-3420 (facsimile)

August 1, 2005

*Counsel for Ohio Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2005, a copy of Defendant's Third-Party Complaint was served via first-class mail, postage prepaid on:

Seth A. Robbins, Esquire
Fred A. Medicinio, Esquire
Quagliano & Seeger, P.C.
2620 P Street, NW
Washington, D.C. 20007

Keri V. Smolka