UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA )<br>FOR THE USE AND BENEFIT OF )<br>HAISLIP CORPORATION, )<br>　　　　　　　　　　　　　　 )<br>　　　Plaintiff, 　　　　　　 )<br>　　　　　　　　　　　　　　 )<br>v. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　 )<br>OHIO CASUALTY 　　　　　　 )<br>INSURANCE COMPANY, 　　　　)<br>　　　　　　　　　　　　　　 )<br>　　　Defendant/ 　　　　　　 )<br>　　　Third-Party Plaintiff, 　 )<br>　　　　　　　　　　　　　　 )<br>v. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　 )<br>JOHNSON CONTROLS, INC. 　　)<br>5757 N. Green Bay Avenue 　　 )<br>P.O. Box 591 　　　　　　　　)<br>Milwaukee, WI 53201 　　　　 )<br>　　　　　　　　　　　　　　 )<br>　　　Third-Party Defendant. 　)<br>_____ ) | Case No. 1:05CV01049<br>Judge: James Robertson<br>Deck Type: Contract |

## MEET AND CONFER REPORT

Counsel for Plaintiff Haislip Corporation ("Haislip") Plaintiff and Defendant/Third Party Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty")(hereinafter "the parties"), pursuant to Rule 16.3 of the Rules of the District Court for the District of Columbia, have met and conferred, and hereby submit their report to the Court as follows:

## LOCAL RULE 16.3

**Statement of the Case:** This case involves a construction dispute. Ohio Casualty is a surety who issued a payment bond on behalf of the general contractor Jones & Wood, Inc. ("Jones & Wood") to perform certain electrical and mechanical work for the District of Columbia Central Detention Facility HVAC System Upgrade Project ("the Project"), Contract

No. CC-0186-AA-2-0-CC, located in the District of Columbia. Haislip is a second-tier subcontractor on the Project.

Jones & Wood entered into a subcontract with first tier subcontractor Third Party Defendant Johnson Controls, Inc. ("Johnson Controls") to perform work on the Project. Subsequently, on or about September 26, 2003, Johnson Controls entered into an agreement with second tier subcontractor Haislip for Haislip to perform certain portions of Johnson Controls electrical scope associated with the Project.

Haislip asserts claims for unpaid contract balances and additional amounts of work performed by Haislip at the Project. Haislip has initiated this lawsuit against Ohio Casualty under Jones & Wood's Payment Bond for the Project.

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

**REPORT:** At this time, no party in this matter has filed a dispositive motion. At the close of discovery, it is likely that the parties will be in a better position to determine whether any portion of the case may be resolved by a dispositive motion.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**REPORT:** On August 1, 2005, Ohio Casualty filed a Third Party Complaint against Johnson Controls. The parties shall join any other parties or amend the pleadings by November 13, 2005. The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**REPORT:** No.

(4)     Whether there is a realistic possibility of settling the case.

**REPORT:**    The parties believe there is a realistic possibility of settling this case

(5)     Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider;
   (i)     the clients goals in bringing or defending the litigation;
   (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;
   (iii)   the point during the litigation when ADR would be the most appropriate, with special consideration given to:
       (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
       (bb)    whether ADR should take place after the informal exchange or production through discovery of specific times of information; and
   (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
   (v)     whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**REPORT:**    The parties respectfully submit that this case would benefit from ADR.

(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**REPORT:**    At the close of discovery, it is likely that the parties will be in a better position to determine whether the case may be resolved by summary judgment, motion to dismiss or other dispositive motion. Regarding dates for filing dispositive motions, please see 8(f) below.

(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

3

**REPORT:** No. The parties do not wish to modify the scope or form of such disclosures.

(8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

**REPORT:** The parties agree to the following discovery schedule:

(a) Discovery shall commence on August 24, 2005;

(b) Deadline for serving Written Discovery Responses shall be December 13, 2005;

(c) Deadline for Proponent's Rule 26(a)(2) statements and reports shall be October 28, 2005;

(d) Deadline for Opponent's Rule 26(a)(2) statements and reports shall be November 18, 2005;

(e) Deadline for Proponent's Rule 26(a)(2) rebuttal statements and reports shall be December 2, 2005;

(f) All discovery including depositions of experts shall be completed by January 13, 2006;

(g) Deadline for filing dispositive motions shall be March 13, 2006, opposition to dispositive motions by April 3, 2006 and reply by April 13, 2006.

(h) Except otherwise provided herein, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

(9) **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P. should be modified, and whether and when depositions of experts should occur.**

<u>REPORT</u>:   All expert witness reports and information pursuant to Fed.R.Civ.P. Rule 26(a)(2) shall be performed in accordance with Sec. 8(c)-(f) above. All depositions of experts shall be completed by January 13, 2006.

(10)   **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

<u>REPORT</u>:   Not applicable.

(11)   **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

<u>REPORT</u>:   The administration of this case would not be facilitated by bifurcation or phasing.

(12)   **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

<u>REPORT</u>:   The parties respectfully request that the pretrial conference be held on either 30 days after dispositive motions are ruled upon. If no dispositive motions are filed, the pretrial conference shall be 60 days after discovery closes, on or about March 14, 2005.

(13)   **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

<u>REPORT</u>:   The parties respectfully request that the trial date be set at the pretrial conference.

**Dated: August 9, 2005**

Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

*/s/ Seth A. Robbins*

---

Seth A. Robbins, Bar No.: 471812
2620 P Street, NW
Washington, DC 20007
Tel. (202) 822-8838
Fax. (202) 822-6982
e-mail: Robbins@quagseeg.com
**Counsel for Plaintiff Haislip Corporation**


Respectfully submitted,

**LEFTWICH & LUDAWAY, LLC**


/S/

---

Rebecca L. Taylor (#443401)
Keri V. Smolka (#489520)
1400 K St., NW
Suite 1000
Washington, DC 20005-2403
(202) 434-9100 (voice)
(202) 783-3420 (facsimile)

*Counsel for Ohio Casualty Insurance Company*

August 9, 2005

6