**ADORNO & YOSS, LLP**
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Telephone: (202) 408-5700
Facsimile: (202)408-7677
tpeterson@adorno.com
Attorneys for Johnson Controls, Inc.
    Third-Party Defendant/Fourth-Party
    Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA
FOR THE USE AND BENEFIT OF
HAISLIP CORPORATION,

    Plaintiff,

v.

OHIO CASUALTY INSURANCE COMPANY,

v.

    Defendant/Third-Party Plaintiff,

v.

JOHNSON CONTROLS, INC.,

    Third-Party Defendant/Fourth-Party
    Plaintiff,

v.

JONES & WOOD, INC.,

    Fourth-Party Defendant.

: Case No. 1:05CV01049-JR-DAR
: Judge: James Robertson
: Magistrate: Deborah A. Robinson
: Deck Type: Contract
:
: JURY DEMAND

## THIRD-PARTY DEFENDANT JOHNSON CONTROLS INC.'S ANSWER TO THIRD-PARTY COMPLAINT, CROSS-CLAIM AGAINST OHIO CASUALTY INSURANCE COMPANY, AND FOURTH-PARTY COMPLAINT AGAINST JONES & WOOD, INC.

Johnson Controls, Inc. (hereinafter "JCI"), a Third-Party Defendant herein, hereby responds to the Third-Party Complaint of Defendant/Third-Party Plaintiff Ohio Casualty Insurance Company (hereinafter "Ohio Casualty") and files its Cross-claim against Ohio Casualty and its Fourth-Party Complaint against Jones & Wood, Inc. (hereinafter "Jones & Wood") as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint, and each count thereof, fails to state a claim against JCI upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred because Ohio Casualty has no standing to bring suit against JCI under any theory of subrogation or surety/principal law.

### THIRD AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that any claims of second tier subcontractor Haislip Corporation (hereinafter "Haislip") against JCI are barred.

### FOURTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that Haislip's claims against JCI are barred by the "Progress Payment" provisions of the subcontract between Haislip and JCI, § 3.1.

### FIFTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that Haislip's claims against JCI are barred by the "Extra Compensation" provisions of the subcontract between Haislip and JCI, § 4.2.

### SIXTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that Haislip's claims against JCI are barred by the "Changes" provisions of the subcontract between Haislip and JCI, § 4.1.

### SEVENTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that Haislip's claims against JCI are barred for failure to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent Haislip's claims against JCI are barred for failure to comply with contractual conditions precedent in the subcontract between Haislip and JCI.

### NINTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that JCI's has a right to exercise the arbitration clause contained in the "Disputes" provision of the subcontract between Haislip and JCI, § 6.5.

### TENTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that Haislip's claims against the payment bond are barred for its failure to provide proper notice pursuant to the Miller Act, 40 U.S.C.A. § 3133(b)(2).

## ELEVENTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that Haislip's claims against the payment bond are barred for failure to provide proper notice under the D.C. Miller Act, D.C. ST. § 305.06.

## TWELFTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred to the extent that any claims of principal and bonded contractor Jones & Wood against JCI are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

JCI has breached no legal, contractual, or other duty owed to Ohio Casualty, Jones & Wood, or Haislip.

## FOURTEENTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims against JCI are barred by the doctrine of payment to the extent Haislip has been paid for its work on the Project.

## FIFTEENTH AFFIRMATIVE DEFENSE

Ohio Casualty's claims are barred by the doctrine(s) of waiver, laches and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

JCI hereby gives notice that it intends to rely upon such other affirmative defenses, the existence of which may become known through discovery, and reserves the right to amend its answer to assert the same.

## ANSWER TO THIRD-PARTY COMPLAINT

## JURISDICTION AND VENUE

1.

JCI admits the allegations set forth in Paragraph 1 of the Third-Party Complaint.

2.

JCI is without sufficient information or belief to admit or deny the allegations set forth in Paragraph 2 of the Third-Party Complaint.

3.

JCI admits the allegations set forth in Paragraph 3 of the Third-Party Complaint.

4.

JCI admits the allegations set forth in Paragraph 4 of the Third-Party Complaint.

## BACKGROUND

5.

JCI incorporates by reference its response to paragraphs 1-4 as set forth herein.

6.

JCI admits the allegations set forth in Paragraph 6 of the Third-Party Complaint.

7.

JCI admits the allegations set forth in Paragraph 7 of the Third-Party Complaint.

8.

JCI admits the allegations set forth in Paragraph 8 of the Third-Party Complaint.

9.

JCI is without sufficient information or belief to admit or deny the allegations set forth in Paragraph 9 of the Third-Party Complaint.

10.

JCI admits the allegations set forth in Paragraph 10 of the Third-Party Complaint.

11.

JCI admits the allegations set forth in Paragraph 11 of the Third-Party Complaint.

12.

JCI denies the allegations set forth in Paragraph 12 of the Third-Party Complaint.

13.

JCI denies that Haislip is entitled to recover under any theory of law or equity as alleged in Paragraph 13 of the Third-Party Complaint.

**COUNT I-BREACH OF CONTRACT**

14.

JCI incorporates by reference its response to paragraphs 1-13 as set forth herein.

15.

JCI denies the allegations set forth in Paragraph 15 of the Third-Party Complaint.

16.

JCI admits that Ohio Casualty is the surety on the payment bond. JCI denies the remainder of the allegations set forth in Paragraph 16 of the Third-Party Complaint.

**COUNT II-INDEMNIFICATION**

17.

JCI incorporates by reference its response to paragraphs 1-16 as set forth herein.

18.

JCI denies that Haislip is entitled to recover under any theory of law or equity as alleged in Paragraph 18 of the Third-Party Complaint. JCI denies the remaining

allegations set forth in Paragraph 18 of the Third-Party Complaint.

19.

JCI denies that Ohio Casualty is entitled to recover under any theory of law or equity as alleged in Paragraph 19 of the Third-Party Complaint. JCI denies the allegations set forth in Paragraph 19 of the Third-Party Complaint.

## COUNT III-CONTRIBUTION

20.

JCI incorporates by reference its response to paragraphs 1-19 as set forth herein.

21.

JCI denies that Haislip is entitled to recover under any theory of law or equity. JCI denies the remaining allegations set forth in Paragraph 21 of the Third-Party Complaint.

22.

JCI denies that Ohio Casualty is entitled to recover under any theory of law or equity as alleged in Paragraph 22 of the Third-Party Complaint. JCI denies the allegations set forth in Paragraph 22 of the Third-Party Complaint.

## COUNT IV-UNJUST ENRICHMENT

23.

JCI incorporates by reference its response to paragraphs 1-22 as set forth herein.

24.

JCI denies the allegations set forth in Paragraph 24 of the Third-Party Complaint.

25.

JCI denies the allegations set forth in Paragraph 25 of the Third-Party Complaint.

26.

JCI denies the allegations set forth in Paragraph 26 of the Third-Party Complaint.

27.

JCI denies any and all remaining allegations of the Third-Party Complaint not hereinbefore specifically admitted to before. Further JCI denies that Ohio Casualty is entitled to the relief sought in the WHEREFORE paragraph of the Third-Party Complaint, including subparagraphs 1-6.

WHEREFORE, having fully responded to the Third-Party Complaint and stated its defenses and affirmative defenses thereto, JCI respectfully requests that the Third-Party Complaint against it be dismissed with prejudice, with all costs and legal fees assessed against Ohio Casualty, and that JCI have such other and further relief as this Court may deem just and proper.

## CROSS-CLAIM AND FOURTH-PARTY COMPLAINT

Third-Party Defendant/Fourth-Party Plaintiff JCI for its Cross-claim against Defendant/Third-Party Plaintiff Ohio Casualty and its Fourth-Party Complaint against Jones & Wood, hereby states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Third-Party Defendant/Fourth-Party Plaintiff JCI is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in Milwaukee, Wisconsin.

2.

Defendant/Third-Party Plaintiff Ohio Casualty is a corporation organized and

existing under the laws of the state of Ohio with its principal place of business located in Hamilton, Ohio.

3.

Fourth-Party Defendant Jones & Wood is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located in Gaithersburg, MD 20878, and its registered agent for service in the District of Columbia being Natalie O. Ludaway, 1400 K. Street., N.W. Suite 1000, Washington, D.C. 20005.

4.

This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332, as the amount of the controversy is in excess of $75,000.00, and the parties are corporations of different states.

5.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391, as JCI and Jones & Wood conduct business in the District of Columbia and the events that gave rise to the instant Cross-claim and Fourth-Party Complaint occurred in the District of Columbia.

## **FACTS AND BACKGROUND**

6.

JCI incorporates by reference allegations contained in Paragraphs 1-5 of the Cross-claim and Fourth-Party Complaint.

7.

Jones & Wood, as general contractor, entered into an agreement with the District of Columbia to upgrade the HVAC system of the District of Columbia Central Detention Facility (hereinafter the "Project").

8.

As the contractor on the Project and pursuant to the Miller Act, 40 U.S.C.A. § 3131, et seq. and the D.C. Miller Act, D.C. ST. § 305.01, et seq., Jones & Wood obtained payment bond from Ohio Casualty, Bond No. 3597280 (hereinafter the "Bond").

9.

On or before April 24, 2001, Jones & Wood entered into a subcontract with JCI to perform electrical and mechanical work on the Project (hereinafter the "Subcontract").

10.

JCI has satisfactorily performed as required under the Subcontract. Jones & Wood has failed to make complete payments of amounts due and owing to JCI under the Subcontract.

11.

JCI has provided requests for payment and notice to Jones & Wood, D.C. Government Property Management (hereinafter the "Owner") and Ohio Casualty. The parties have failed to make payment to JCI.

12.

The unpaid amount, which is due and owing to the JCI, is not less than $99,427.00.

13.

More than ninety (90) days have passed since JCI performed substantial work on the Project.

14.

This Cross-claim is filed within one (1) year from the date the final work was performed on the Project.

15.

This Fourth-Party Complaint is being filed within the statute of limitations of the District of Columbia.

## COUNT I

## BREACH OF CONTRACT AGAINST JONES & WOOD

16.

JCI incorporates by reference allegations contained in Paragraphs 1-15 of the Cross-claim and Fourth-Party Complaint.

17.

Jones & Wood's failure to make payments for work performed pursuant to the Subcontract with JCI constitutes a breach of contract.

18.

All conditions precedent to JCI being entitled to recover the amount sought herein have been met, have occurred, or have been waived or excused.

19.

Jones & Wood is liable to JCI for an amount not less than $99,427.00, plus interest, attorney's fees, and costs, as allowable by law.

## COUNT II

## QUANTUM MERUIT OR BREACH OF IMPLIED PROMISE

## AGAINST JONES & WOOD

20.

JCI incorporates by reference allegations contained in Paragraphs 1-5 of the Cross-claim and Fourth-Party Complaint.

21.

JCI supplied materials to and performed labor for Jones & Wood and at the direction of Jones & Wood.

22.

Since JCI supplied materials to and performed labor at the direction of Jones & Wood, there was an implied promise of Jones & Wood to pay for such labor and materials.

23.

The materials supplied and labor performed by JCI for the Project have been accepted and used.

24.

Jones & Wood received and accepted the benefit of the labor performed and materials supplied by JCI, but has not paid the sum due. The reasonable value of such unpaid labor and materials provided by JCI is not less than $99,427.00.

25.

Jones & Wood is liable to JCI for an amount not less than $99,427.00, plus interest, attorney's fees, and costs, as allowable by law.

## COUNT III

### ACTION ON AN ACCOUNT AGAINST JONES & WOOD

26.

JCI incorporates by reference allegations contained in Paragraphs 1-25 of the Cross-claim and Fourth-Party Complaint.

27.

Prior to the institution of this claim, JCI and Jones & Wood had business transactions between them whereupon they agreed to the Subcontract and the amounts due and owing therefrom.

28.

JCI presented Jones & Wood with written requests for payment and statements evidencing the sum as not less than $99,427.00 and Jones & Wood has not objected to the statements.

29.

Jones & Wood is liable to JCI for an amount not less than $99,427.00, plus interest, attorney's fees, and costs, as allowable by law.

## COUNT IV

## ACTION ON PAYMENT BOND AGAINST OHIO CASUALTY

30.

JCI incorporates by reference allegations contained in Paragraphs 1-29 of the Cross-claim and Fourth-Party Complaint.

31.

Jones & Wood has failed to make payment to JCI the amounts dues and owing under the Subcontract.

32.

Ohio Casualty as the surety on the Bond agreed to pay subcontractors that had not been paid in full for labor and materials furnished in the performance of work provided for in Jones & Wood's contract with the District of Columbia.

33.

JCI has demanded payment from Jones & Wood. JCI has provided notice to the Owner. JCI submitted notice of its claim to Ohio Casualty on or about June 9, 2005.

34.

Ohio Casualty has refused to make payment to JCI in the amount due and owing and not less than $99,427.00.

35.

Ohio Casualty has breached the terms of the Bond by failing to make payment to JCI of the amount due and owing.

36.

This suit is filed within in one (1) year from the time of completion of JCI's work on the Project.

37.

Ohio Casualty is liable to JCI for an amount not less than $99,427.00, plus interest, attorney's fees, and costs, as allowable by law.

JURY DEMAND

PURSUANT to Fed. Rules Civ., JCI hereby respectfully demand trial by jury.

WHEREFORE, JCI prays that it be granted the following relief:

A.  That JCI have judgment against Jones & Wood under Count I in an amount not less than $99,427.00, plus interest, attorney's fees, and costs as allowed by law;

B.  That JCI have judgment against Jones & Wood under Count II in an amount not less than $99,427.00, plus interest, attorney's fees, and costs as allowed by law;

C.  That JCI have judgment against Jones & Wood under Count III in an amount not less than $99,427.00, plus interest, attorney's fees, and costs as allowed by law;

D.  That JCI have judgment against Ohio Casualty under Count IV in an amount not less than $99,427.00, plus interest, attorney's fees, and costs as allowed by law;

E.  That this case be tried by a jury; and

F.  That JCI have such other and further relief as this Court may deem just and proper.

Respectfully submitted this 6th day of September, 2005

                                          ADORNO & YOSS, LLC

                                          Thomas L. Patterson
                                          D.C. Bar No. 392,329
                                          1000 Vermont Avenue, NW
                                          Suite 450
                                          Washington, DC 20005
                                          Tel: (202) 408-5700
                                          Fax: (202) 408-7677
                                          tpeterson@adorno.com
                                          Attorneys for Johnson Controls, Inc.

                                          Of Counsel
                                          Deborah S. Butera, Esq.
                                          Georgia Bar No. 100217
                                          Roxann S. Smithers
                                          Georgia Bar No.: 665055
                                          Two Midtown Plaza, Suite 1500
                                          1349 W. Peachtree Street, NW
                                          Atlanta, Georgia 30309
                                          Tel: (404) 347-8300
                                          Fax: (404) 347-8395