UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA<br>FOR THE USE AND BENEFIT OF<br>HAISLIP CORPORATION**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**OHIO CASUALTY INSURANCE COMPANY,<br>et. al.**<br><br>　　　　　　　　　Defendant. | Civ. Action No.: 1:05CV01049 |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

　　COMES NOW the Plaintiff, the District of Columbia for the Use and Benefit of Haislip Corporation ("Haislip") and for its Memorandum in Support of Motion for Summary Judgment states as follows:

**UNDISPUTED MATERIAL FACTS**

　　1.　　On or about May 25, 2005, Haislip filed suit against Ohio Casualty Insurance Company ("Ohio Casualty") to enforce its rights against Ohio Casualty's payment bond for a construction project ("Prime Contract") known as the District of Columbia Central Detention Center (the "Project").

　　2.　　On or about August 2, 2005, Ohio Casualty brought a Third-Party Complaint against Johnson Controls, Inc. ("JCI") for amounts due and owing to Haislip.

　　3.　　On or about September 6, 2005, JCI cross-claimed against Ohio Casualty and brought a Fourth-Party claim against Jones & Wood ("J&W") for amounts JCI alleges are due

1

and owing to it for performance on the Project.

4. The parties to the lawsuit participated in a settlement conference on December 1, 2005 and agreed to settlement terms for the resolution of Haislip's claim.

5. After consultation with their respective clients and in the presence of one another, counsel for Haislip, JCI and Ohio Casualty executed and filed a Praecipe with the court memorializing the terms of their settlement as follows:

> The parties have agreed that Johnson Controls will pay Haislip Corp. the sum of $75,000 in full settlement of Haislip's claims in this action, with payment to be made within seven days of the date of this notice. Johnson and Haislip agree to mutually release one another from any and all claims that were the subject of this action or in any way related to the underlying Project. Upon Haisip's receipt of payment, Haislip will dismiss its claims in the action with prejudice.

A copy of the praecipe is attached hereto as **EXHIBIT A**.

6. To avoid delays in the performance of the settlement terms embodied in the Praecipe, and before signing the Praecipe, counsel for Haislip communicated to counsel for JCI Haislip's demand that the Praecipe be the only operative settlement document between the parties and requested that counsel for JCI speak with her client and obtain JCI's consent on this issue. **Declaration of Fred Mendicino**.

7. Rusty Tucker, a regional manager for JCI, was present at the settlement conference as a JCI representative. Mr. Tucker had previously negotiated other settlements with Haislip as a representative of JCI and had personally communicated prior JCI settlement offers concerning the claims at issue in this litigation to Haislip's President, James Haislip. **See Declaration of James Haislip**.

8. In response to Haislip's demand, counsel for JCI consulted with Mr. Tucker. Immediately following this discussion, JCI's counsel agreed that the Praecipe would suffice as the sole settlement document to memorialize the parties' agreement. Counsel for JCI, Haislip

2

and Ohio Casualty then executed the Praecipe and provided it to the court for filing. **Declaration of Fred Mendicino**.

9. On December 6, 2005, two days before the settlement payment was due to be paid by JCI, counsel for JCI e-mailed counsel for Haislip asserting that additional information would be needed before a check could be issued and demanding that Haislip execute a separate settlement agreement as a prerequisite to JCI's honoring its commitment to pay Haislip the monies agreed upon in the parties December 1, 2005 settlement memorialized in the Praecipe executed by counsel and filed with the Court.  A copy of Ms. Smither's e-mail communicating these demands is attached hereto as **EXHIBIT B**.

10. Counsel for Haislip promptly informed counsel for JCI that these additional demands were unacceptable and that Haislip expected JCI to honor the parties' agreement as stated in the Praecipe.  A copy of Mr. Mendicino's reply e-mail is attached as **EXHIBIT C**.

11. On December 7, 2005 JCI's counsel informed Haislip's counsel that JCI would not be paying Haislip in conformance with the agreed upon settlement terms.  In that same communication, JCI's counsel forwarded a proposed settlement agreement with numerous additional and altered terms as compared to the Praecipe and misrepresented that the settlement agreement "reiterates the terms we reached."  A copy of JCI's December 7, 2005 e-mail is attached hereto as **EXHIBIT D** and a copy of the JCI-proposed settlement agreement is attached hereto as **EXHIBIT E**.

12. In fact, the settlement agreement proposed by JCI, contained terms not agreed upon by the parties and omitted several terms on which they did agree.  A partial list of the added terms includes:

    a. a confidentiality clause with punitive provisions if the parties revealed the

      terms or circumstances surrounding the settlement;

    b. a provision whereby Haislip was required to release all of its claims against JCI that were the subject of the action or in any way related to the underlying Project but that did not contain a mutual waiver by JCI of the similar claims against Haislip;

    c. An attorneys' fees shifting provision;

    d. An integration clause that would have nullified the parties agreement in the Praecipe;

    e. A reservation of warranty claims by JCI against Haislip and holding Haislip as bound by the terms of the underlying subcontract;

    f. Restrictions on the rights of the parties to assign their rights arising out of the settlement.

<u>Compare</u> **EXHIBIT A** with **EXHIBIT E.**

13. The parties exchanged several more e-mails, with counsel for Haislip continuing to insist that JCI honor its obligations and pay Haislip by December 8, 2005. However, December 8, 2005 passed without Haislip receiving payment.

14. On December 9, 2005, in an effort to resolve these issues counsel for Haislip prepared a revised settlement agreement that mirrored the terms of the Praecipe "solely as an accommodation and under an express reservation of rights" and forwarded a draft copy to JCI's counsel. A copy of Haislip's counsel's e-mail and the attached revised settlement agreement is attached hereto as **EXHIBIT F**.

15. JCI's counsel responded by altering Haislip's proposed agreement. In forwarding this altered version, JCI's counsel insisted upon additional material terms not contained in the

Praecipe and misrepresented that she had highlighted all of her changes in bold. However, JCI's counsel made changes without highlighting them, including changing the mutual release language from Haislip's draft back to a one-sided release in favor of JCI in paragraph 2 and re-inserting a confidentiality requirement. A copy of JCI's counsel first December 12, 2005 e-mail is attached as **EXHIBIT G**. A copy of the altered draft of Haislip's revised settlement agreement is attached as **EXHIBIT H**.

16. Haislip's counsel responded by rejecting the altered version of Haislip's revised "Settlement Agreement." Haislip's counsel also pointed out that the altered document contained unhighlighted changes that materially affected the terms of the prior document. Consequently, Haislip's counsel asked JCI's counsel to advise if she intended to execute the version Haislip forwarded on December 9, 2005. A copy of Mr. Mendicino's December 12, 2005 e-mail is attached as **EXHIBIT I**.

17. JCI's counsel responded by denying the unhighlighted changes and questioning why JCI's additional changes were unacceptable. JCI's counsel concluded by stating "please have your client execute the agreement and JCI and Haislip can conclude their business.". Ms. Smithers second December 12, 2005 e-mail is attached as **EXHIBIT J**.

18. Haislip will not agree to JCI's altered settlement terms and JCI has not made payment of the settlement amount due Haislip in accordance with the parties' December 1, 2005 settlement agreement as memorialized in the Praecipe.

## ARGUMENT

**I.    Legal Standard**

Summary Judgment is mandated when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c);

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The existence of a factual dispute between the parties will not prevent the entry of a summary judgment unless it is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue of fact is genuine only where the evidence taken as a whole would allow a reasonable jury to return a verdict in favor of the non-moving party; whether such issue is material is governed by applicable substantive law. Id. at 248. More than a mere assertion in a pleading is necessary to raise a material issue "precluding the grant of a properly supported summary judgment" motion. Bloomgarden v. Coyer, 479 F.2d 201, 208 (D.C. Cir. 1973).

## II. Interpretation of the Settlement Agreement

It is well established under District of Columbia law that settlement agreements are entitled to enforcement under general principles of contract law. Makins v. District of Columbia, 861 A.2d 590, 593 (D.C. 2004). In this instance there is no question that JCI signed the Praecipe that was submitted to the court on December 1, 2005. Under the terms of that document, JCI agreed to pay $75,000 to Haislip "in full settlement of Haislip's claim" within 7 days. See Undisputed material facts #5.

More than 7 days have past, and JCI still has not honored its agreement. Instead, JCI has chosen to delay payment to Haislip and alter the terms of the parties' bargain. To that end, JCI waited until the last minute and attempted to impose additional conditions on its payment to Haislip that were never discussed when the parties executed the Praecipe and filed it with the court on December 1, 2005. Summary judgment is therefore appropriate. Moreover, as JCI's position cannot be reasonably justified, this Court should consider ordering JCI to pay Haislip's legal fees associated with the enforcement of the parties' agreement.

### III.  The Binding Effect of Ms. Smithers Signature on the Praecipe

The Praecipe signed by the parties' counsel is clear, unambiguous and enforceable.  Prior to its execution, counsel for Haislip demanded that the Praecipe be the only operative document memorializing the settlement of Haislip's claims in the action in order to avoid further delays in JCI's payment to Haislip.  See Undisputed material facts #6.  Counsel for JCI then discussed this demand with JCI's representative, advised Haislip's counsel that its demand was acceptable to JCI, and executed the Praecipe knowing this was a material term of the agreement.  See Undisputed material facts #8.

Agency principles are applied to determine whether the attorney or agent has authority to bind his principle to a settlement contract.  Makins 861 A. 2d. at 593.  Of course, an attorney can settle his client's case if he or she has actual authority to do so. Id.  Agency principles also recognize the authority of the agent to bind the client based on the doctrine of apparent authority. Id.  In situations such as this where clients are present in a courtroom for settlement negotiations, counsel has, at a minimum, apparent authority as a matter of law to bind a party to settlement terms.  See id at 597, n.4 citing Ashley v. Atlas Mfg. Co., 7 F.R.D. 77 (D.D.C. 1946), aff'd 82 U.S. App. D.C. 399, 166 F.2d 209 (1947).

Clearly this case falls under the Ashley precedent.  Mr. Tucker, a regional manager who had negotiated settlements on other claims with Haislip, was present in Court during the parties' settlement conference and counsel for JCI consulted with Mr. Tucker regarding the settlement terms.  There is no question that, at the very minimum, counsel for JCI had apparent (if not actual) authority to endorse the Praecipe and communicate to Haislip JCI's agreement that no further settlement documentation would be required.

Moreover, even if the parties had agreed to prepare additional documentation regarding settlement, which was not the case, such a circumstance would not permit JCI to renegotiate the settlement terms as it has attempted to do over the last several weeks. All of the terms of the parties' deal are set forth in the Praecipe, and no additional terms were discussed during the negotiation. JCI's demands that Haislip agree to new and additional terms prior to payment constitute a breach of the parties' settlement agreement. Therefore, Haislip is entitled to summary judgment.

## CONCLUSION

Based on the clear breaches of the parties settlement agreement, as evidenced by the December 1, 2005 Praecipe before the court, Haislip moves this court to grant summary judgment in its favor and order JCI to immediately pay $75,000 to Haislip to satisfy the settlement terms, award Haislip its attorneys' fees and costs incurred in bringing this motion before the court based on JCI's unreasonable conduct, and order such other and further relief as this honorable court may deem necessary.

**Dated: December 23, 2005**              Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

  /s/ Seth A. Robbins
Seth A. Robbins, Bar No.: 471812
2620 P Street, NW
Washington, DC 20007
Tel. (202) 822-8838
Fax. (202) 822-6982
e-mail: Robbins@quagseeg.com
**Counsel for Plaintiff**
**Haislip Corporation**