# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into this ___ day of December 2005, by and between HAISLIP CORPORATION, located at 14325-F Willard Road, Chantilly, Virginia 20151 ("Haislip"), JOHNSON CONTROLS, INC., located at 507 E. Michigan Street, Milwaukee, Wisconsin 53202, with a mailing address of P.O. Box 591, Milwaukee, Wisconsin 53201-0591 ("JCI") and OHIO CASUALTY INSURANCE COMPANY, located at 11350 McCormick Road, Suite 800, Hunt Valley, Maryland 21031 ("Ohio Casualty"). JCI, Haislip and Ohio Casualty are hereinafter collectively referred to as the "Parties."

WHEREAS, the parties and Fourth-Party defendant, Jones & Wood, Inc., located at 3430 Hamilton Street, Hyattsville, Maryland 20782 ("J & W") are engaged in the matter styled, Haislip Corporation v. Ohio Casualty Insurance Company v. Johnson Controls, Inc. v. Jones & Wood, Inc. in the United States District Court for the District of Columbia, Case Number: 1:05CV01049 (the "Lawsuit").

WHEREAS, Jones & Wood, Inc. ("J&W") entered into an agreement with the District of Columbia for a construction project ("Prime Contract") for the District of Columbia Central Detention Center ("Project"). Pursuant to the terms of the Prime Contract, J&W obtained a payment bond from Ohio Casualty.

WHEREAS, on or about, April 24, 2003, J&W entered into a contract with JCI (the "Subcontract") for the provision of heating, ventilation, air conditioning services, and domestic hot water supply construction on the Project.

WHEREAS, on or about September 9, 2003, JCI entered into a contract with Haislip (the "Second Tier Subcontract") for the provision of subcontracting services on the Project.



WHEREAS, on or about May 25, 2005 Haislip filed suit against Ohio Casualty for amounts it alleges are due and owing to it for performance on the Project.

WHEREAS, on or about August 2, 2005, Ohio Casualty brought a Third-Party Complaint against JCI for the amounts allegedly due and owing to Haislip.

WHEREAS, on or about September 6, 2005, JCI cross-claimed against Ohio Casualty and brought a Fourth-Party claim against J&W for amounts JCI alleges are due and owing to it for performance on the Project.

WHEREAS, the parties to the lawsuit, participated in a settlement conference on December 1, 2005 agreed to the basic terms for a resolution of Haislip's claim against Ohio Casualty and Ohio Casualty's claim's against.

WHEREAS, Haislip has made certain claims for work performed on the Project for which Haislip alleges it has not been paid, including but not limited to claims for labor and materials, actual or constructive delays, impacts, interferences, hindrances, disruptions, suspensions, losses of productivity, cumulative impacts, and accelerations and other costs and occurrences, performance of work beyond the scope of the contract documents, and other increased costs of labor, material, equipment, storage, supplies and overhead ("Haislip's Claims"); and

WHEREAS, Haislip has amicably agreed to release JCI, Ohio Casualty, and Jones & Wood from all claims arising out of the Project and the Second Tier Subcontract, in consideration of the payment by JCI to Haislip of the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, and the Parties now desire to set forth the terms of such settlement in writing.

NOW, THEREFORE, the Parties, for and in consideration of the mutual obligations, covenants and promises contained herein, intending to be legally bound, do hereby contract and agree as follows:

1. In full and final settlement of all of Haislip's Claims against JCI, and Ohio Casualty, JCI shall issue or cause to be issued a check to Haislip in the amount of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars ("the Settlement Amount"). The Settlement Amount shall be paid upon JCI's receipt of an original of this Settlement Agreement executed by a duly authorized representative of Haislip.

2. Effective upon payment of the Settlement Amount by JCI to Haislip, Haislip, for itself and its successors and assigns, hereby releases, remises and forever discharges JCI and Ohio Casualty and their parent, subsidiary and affiliate corporations, officers, directors, employees, shareholders, agents, insurers, sureties, attorneys, successors and assigns from any and all manner of actions and causes of action, suits, judgments, debts, claims, demands, accountings, grievances, contracts, obligations, warranties and rights whatsoever, in law or in equity, now existing or which may hereafter accrue by reason of any existing facts, known or unknown, foreseen or unforeseen, arising out of the Project and/or the Second Tier Subcontract, including any and all claims asserted or which could have been asserted by Haislip, specifically those included in the above referenced matter.

3. Within five days after the dismissal of Haislip's Claim against Ohio Casualty, Ohio Casualty agrees to dismiss its Third-Party claim against JCI.

4. The Parties agree that the existence and terms of this Settlement Agreement, and the substance of all negotiations leading to the settlement, have been and will remain confidential and will not be disclosed by each other or their counsel to any person, other than to their

respective accountant(s) and financial advisor(s), who may be advised of the settlement for accounting and tax purposes only and expressly on the condition that they keep the existence and terms of the settlement confidential. The foregoing shall not prohibit such disclosure (i) as may be ordered by any regulatory agency or court or as required by other lawful process, or (ii) as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement. In the event that either party is served with a subpoena (or equivalent legal process) commanding it to produce documents or provide testimony that may require it to divulge matters relating to this Settlement Agreement, the party shall immediately notify the other party, and in no case later than ten (10) days prior to the response date stated in the subpoena, unless the subpoena requires a response earlier than ten (10) days from receipt.

5. Haislip acknowledges that the Settlement Amount provides good, sufficient and adequate consideration for every promise, duty, release, obligation, agreement and right contained in this Settlement Agreement.

6. The Parties acknowledge that this Settlement Agreement is not an admission by JCI, Haislip, or Ohio Casualty of any wrongdoing or liability.

7. Each party hereto shall bear its own attorneys' fees and costs arising from the actions of its counsel in connection with the claims, the Project, the Second Tier Subcontract, this Settlement Agreement, and the matters referred to herein, and any and all other related matters. Each party hereto further agrees that in the event that any dispute, claim, proceeding, or action arises out of or in connection with this Settlement Agreement or the terms hereof, the prevailing party to any such dispute, claim, proceeding, or action shall be entitled to recover reasonable attorneys' fees and costs incurred in connection therewith from the non-prevailing party.

8. The provisions of this instrument shall be binding upon the Parties hereto and their respective successors and assigns.

9. The person executing this Settlement Agreement on behalf of each party expressly warrants and represents that he/she is duly authorized to do so in a manner which is fully binding upon such party.

10. This Settlement Agreement is intended for the sole benefit of the Parties and shall not be construed as creating any enforceable right of action in any third party not a signatory hereto.

11. This written Settlement Agreement constitutes the entire agreement between the Parties, and supersedes all oral and written agreements or understandings, if any, between the Parties with respect to the subject matter hereof. This Settlement Agreement shall not be modified except in writing duly executed by the Parties.

12. Haislip shall continue to be obligated to JCI in all respects under the Subcontract, including but not limited to Haislip's warranty obligations.

13. The provisions of this Settlement Agreement are severable, and if any part of it is found to be unenforceable or invalid, the surviving portions shall remain fully enforceable and valid.

14. The Parties declare, represent and warrant that there has not been to date of execution of this Settlement Agreement an assignment or transfer, or purported assignment or transfer, voluntarily, involuntarily, or by operation of law, of any claim or matter released pursuant to this Settlement Agreement. Each party shall indemnify and hold harmless the other party or any of its agents, attorneys, assigns, employees, officers, directors, principals, shareholders, insurance carriers, successors, or nominees, from any claim, demand, damage,

debt, liability, account, obligation, costs, expense, lien, action or cause of action (including the payment of attorneys' fees and costs actually incurred, whether or not formal legal action is taken), based upon, in connection with or arising out of any such assignment or transfer or purported assignment or transfer. The Parties represent and warrant to each other that the undersigned hold the full power and authority to enter into this Settlement Agreement on behalf of each respective party and that this Settlement Agreement is a valid and binding obligation of that party.

15. This Settlement Agreement may be executed in two or more counterparts, or any number of duplicate originals, which together shall constitute one and the same instrument. A photocopy or facsimile copy of a signature by either party on the Settlement Agreement shall be considered the same as an original signature, and such signed document shall be treated as a duplicate original of the Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement on the date first above written by their duly authorized representatives.

**[SIGNATURES TO FOLLOW ON THE NEXT PAGE]**

**HAISLIP CORPORATION**

By: _____
      Authorized Representative (print name)

Its: _____

**JOHNSON CONTROLS, INC.**

By: _____
      Michael G. McCarty
      Vice President/General Counsel
      Controls-Americas

**OHIO CASUALTY INSURANCE COMPANY**

By: _____
      Authorized Representative (print name)

Its: _____