## Fred Mendicino

| | |
|---|---|
| **From:** | Fred Mendicino |
| **Sent:** | Friday, December 09, 2005 4:32 PM |
| **To:** | 'DBUTERA@adorno.com'; 'rsmithers@adorno.com' |
| **Cc:** | Scott Hofer |
| **Subject:** | FW: RE: Haislip/JCI |

Deborah,

Attached please find a <u>revised</u> settlement agreement that restates our prior agreement and that has been executed by Haislip Corporation. This revised agreement reflects the terms agreed upon by the parties during our settlement negotiations. We are sending this executed agreement to you solely as an accomodation and under an express reservation of rights. It remains our position that the original agreement executed by the parties following our settlement conference at the Court is both binding and enforceable. Further, our transmission of this additional memorialization of our prior agreement in no way changes Haislip's position as to the enforceability of that original agreement.

In further response to your e-mail, I would also like to point out that your client's corporate policy really is not relevant to this discussion. Nevertheless, as I stated above, the parties have already executed a binding settlement agreement. Your client is presently in breach of that agreement. Please have them make payment of the settlement funds immediately.

Should JCI refuse to pay Haislip immediately, we will have no choice but to move the court for enforcement of the agreement that is already docketed and part of the record in this dispute.

Fred


-----Original Message-----
**From:** Deborah Butera [mailto:DBUTERA@adorno.com]
**Sent:** Friday, December 09, 2005 2:59 PM
**To:** Scott Hofer
**Cc:** Roxann Smithers
**Subject:** RE: RE: Haislip/JCI

Mr. Hofer,

The settlement check has been cut and is being held in JCI's headquarters in Milwaukee pending receipt of an executed settlement agreement from Haislip. JCI corporate will NOT release the check until we have an executed settlement agreement. This is JCI's corporate policy. Please review the draft we sent you several days ago and provide comments or an executed copy. Upon execution of the agreement, your client will receive its money.

Deborah S. Butera, Esq.
Adorno & Yoss, LLC
Two Midtown Plaza, Suite 1500
1349 West Peachtree Street
Atlanta, Georgia 30309
404.347.8315 direct dial
404.347.8395 fax



EXHIBIT
F

404.592.9060 direct fax
dbutera@adorno.com

This email and any files transmitted with it are subject to the attorney-client privilege and/or
work product privilege and contain confidential information intended only for the
person(s) to whom this email message is addressed. If you are not the intended
recipient, you are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited. If you have received this email in error
please notify the sender immediately by any means and destroy the original message.
Thank you.

>>> "Scott Hofer" <hofer@quagseeg.com> 12/9/2005 10:22:58 AM >>>
Again, we will not look at or address any document that adds terms to our agreement.

As of today you are in breach of the parties' agreement, and we will enforce the agreement as signed.

> Scott C. Hofer, Esq.
> QUAGLIANO & SEEGER, P.C.
> Lakeside at Loudon Tech Center III
> 21355 Ridgetop Circle, Suite 110
> Loudon, Virginia 20166
> Tel:  (571) 434-7590
> Fax:  (571) 434-9006
> Email: hofer@quagseeg.com
> www.quagseeg.com
>
>
> The information contained in this electronic mail is attorney-privileged and confidential information intended only for the use of the individual or entity named.  If the reader of this message is not the intended recipient (or authorized to receive for addressee), you are hereby notified that any use, disclosure, distribution or copying of this communication is strictly prohibited and may subject you to civil liability under the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. If you have received this communication in error, please immediately notify the sender by reply e-mail and/or by telephone and destroy the original message.
>
>


-----Original Message-----
From: Roxann Smithers [mailto:rsmithers@adorno.com]
Sent: Thursday, December 08, 2005 11:55 PM
To: Scott Hofer
Cc: Deborah Butera
Subject: RE: RE: Haislip/JCI


Scott,

JCI is honoring the commitment to pay Haislip $75,000 to resolve its
claims in this litigation.  Once again, I told Fred at the mediation
that I believed JCI would need a more formal agreement.  This has not
come out of the blue.  The process is now being prolonged on your end.
Please, review the five and a half page settlement and release agreement
and provide me with reasonable edits.  If that is done, there is no need
for anyone to incur additional expense.  Roxann.

Roxann Sherri Smithers, Esq.

Adorno & Yoss, LLC
Two Midtown Plaza
1349 W. Peachtree St., NW
Suite 1500
Atlanta, Georgia 30309
Telephone: 404-347-8308
Fax: 404-347-8395
rsmithers@adorno.com

>>> "Scott Hofer" <hofer@quagseeg.com> 12/08/05 4:31 PM >>>
This is exactly the sort of thing we wanted to avoid when we discussed this with you. The whole point of the agreement we signed was to avoid this kind of delay and additional expense. You client expressly agreed that additional documents would not be necessary before we signed the agreement. Further, your proposal contained additional substantve terms that we never discussed or agreed to. Please have JCI honor their commitments.


     Scott C. Hofer, Esq.
QUAGLIANO & SEEGER, P.C.
Lakeside at Loudon Tech Center III
21355 Ridgetop Circle, Suite 110
Loudon, Virginia 20166
Tel:  (571) 434-7590
Fax:  (571) 434-9006
Email: hofer@quagseeg.com
www.quagseeg.com


     The information contained in this electronic mail is
attorney-privileged and confidential information intended only for the
use of the individual or entity named.  If the reader of this message is
not the intended recipient (or authorized to receive for addressee), you
are hereby notified that any use, disclosure, distribution or copying of
this communication is strictly prohibited and may subject you to civil
liability under the Electronic Communications Privacy Act, 18 U.S.C.
Sections 2510-2521. If you have received this communication in error,
please immediately notify the sender by reply e-mail and/or by telephone
and destroy the original message.


-----Original Message-----
From: Roxann Smithers [mailto:RSMITHERS@adorno.com]
Sent: Thursday, December 08, 2005 3:29 PM
To: Scott Hofer
Subject: Fwd: RE: Haislip/JCI


Scott,

To follow-up on our call last night. JCI is not willing to strike all
of the terms in the settlement agreement. I encourage you to take the
time to review the draft, which, aside from the recitals and the
signature page, is five and half pages of substantive text. This will
take far less time than any other response you have proposed. Please

let me know where the issue stands with Fred. Roxann.

Roxann Sherri Smithers, Esq.
Adorno & Yoss, LLC
Two Midtown Plaza
1349 W. Peachtree St., NW
Suite 1500
Atlanta, Georgia 30309
Telephone: 404-347-8308
Fax: 404-347-8395
rsmithers@adorno.com

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into this ___ day of December 2005, by and between HAISLIP CORPORATION, located at 14325-F Willard Road, Chantilly, Virginia 20151 ("Haislip") and JOHNSON CONTROLS, INC., located at 507 E. Michigan Street, Milwaukee, Wisconsin 53202, with a mailing address of P.O. Box 591, Milwaukee, Wisconsin 53201-0591 ("JCI"), collectively referred to as the "Parties."

WHEREAS, the parties, Defendant Ohio Casualty Insurance Company ("Ohio Casualty"), located at 11350 McCormick Road, Suite 800, Hunt Valley, Maryland 21031 and Fourth-Party defendant, Jones & Wood, Inc., located at 3430 Hamilton Street, Hyattsville, Maryland 20782 ("J & W") are engaged in the matter styled, Haislip Corporation v. Ohio Casualty Insurance Company v. Johnson Controls, Inc. v. Jones & Wood, Inc. in the United States District Court for the District of Columbia, Case Number: 1:05CV01049 (the "Lawsuit").

WHEREAS, on or about May 25, 2005 Haislip filed suit against Ohio Casualty to enforce Ohio Casualty's payment bond obligations for a construction project ("Prime Contract") for the District of Columbia Central Detention Center ("Project").

WHEREAS, on or about August 2, 2005, Ohio Casualty brought a Third-Party Complaint against JCI for amounts due and owing to Haislip.

WHEREAS, on or about September 6, 2005, JCI cross-claimed against Ohio Casualty and brought a Fourth-Party claim against J&W for amounts JCI alleges are due and owing to it for performance on the Project.

WHEREAS, the parties to the lawsuit participated in a settlement conference on December 1, 2005 agreed to the terms for a resolution of Haislip's claim and entered a Praecipe with the court memorializing the terms of their settlement as follows:


EXHIBIT F

The parties have agreed that Johnson Controls will pay Haislip Corp. the sum of $75,000 in full settlement of Haislip's claims in this action, with payment to be made within seven days of the date of this notice. Johnson and Haislip agree to mutually release one another from any and all claims that were the subject of this action or in any way related to the underlying Project. Upon Haisip's receipt of payment, Haislip will dismiss its claims in the action with prejudice.

WHEREAS, counsel for Haislip, JCI and Ohio Casualty all signed the Praecipe in the presence of one another with the full consent of, and in consultation with, their respective clients.

WHEREAS, the executed Praecipe was then tendered to the court and copies were provided to Haislip, JCI and Ohio Casualty.

WHEREAS, the court has issued an order docketing the Praecipe agreed upon by Haislip, JCI and Ohio Casualty.

NOW, THEREFORE, the Parties have agreed to memorialize the terms of the Praecipe in this Settlement Agreement as follows:

1. In full settlement of all of Haislip's Claims in the Lawsuit, JCI shall issue or cause to be issued a check to Haislip in the amount of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars ("the Settlement Amount"). The Settlement Amount shall be paid in accordance with the terms agreed upon in the Praecipe.

2. Effective upon payment of the Settlement Amount by JCI to Haislip, Haislip and JCI, for themselves and their successors and assigns, hereby release, remise and forever discharge once another and their parent, subsidiary and affiliate corporations, officers, directors, employees, shareholders, agents, insurers, sureties, attorneys, successors and assigns from any and all manner of actions and causes of action, suits, judgments, debts, claims, demands, accountings, grievances, contracts, obligations, warranties and rights whatsoever, in law or in equity, now existing or which may hereafter accrue by reason of any existing facts, known or unknown, foreseen or unforeseen, arising out of the Project and/or the Second Tier Subcontract.

12/09/2005 17:22 FAX 703 449 9505    HAISLIP CORP.    ☒004

3. The parties acknowledge that the Settlement Amount and the terms of the Praecipe provide good, sufficient and adequate consideration for every promise, duty, release, obligation, agreement and right contained in this Settlement Agreement.

4. The Parties acknowledge that this Settlement Agreement is not an admission by JCI of any wrongdoing or liability.

5. The Parties acknowledge that the terms of the Praecipe contained the full terms of their settlement agreement. Should there any discrepancy between the terms of the Praecipe and the terms herein, the terms of the Praecipe shall control.

6. Each party hereto shall bear its own attorneys' fees and costs arising from the actions of its counsel in connection with the claims, the Project, the Second Tier Subcontract, this Settlement Agreement, and the matters referred to herein.

7. The provisions of this instrument shall be binding upon the Parties hereto and their respective successors and assigns.

8. The person executing this Settlement Agreement on behalf of each party expressly warrants and represents that he/she is duly authorized to do so in a manner that is fully binding upon such party.

9. The provisions of this Settlement Agreement and/or the Praecipe are severable, and if any part of it is found to be unenforceable or invalid, the surviving portions shall remain fully enforceable and valid.

10. This Settlement Agreement may be executed in two or more counterparts, or any number of duplicate originals, which together shall constitute one and the same instrument. A photocopy or facsimile copy of a signature by either party on the Settlement Agreement shall be

considered the same as an original signature, and such signed document shall be treated as a duplicate original of the Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement on the date first above written by their duly authorized representatives.

HAISLIP CORPORATION

By: *James M. Haislip*
   James M. Haislip
   Authorized Representative (print name)

Its: President

JOHNSON CONTROLS, INC.

By: _____
   Michael G. McCarty
   Vice President/General Counsel
   Controls-Americas

4