# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into this ___ day of December 2005, by and between HAISLIP CORPORATION, located at 14325-F Willard Road, Chantilly, Virginia 20151 ("Haislip"), JOHNSON CONTROLS, INC., located at 507 E. Michigan Street, Milwaukee, Wisconsin 53202, with a mailing address of P.O. Box 591, Milwaukee, Wisconsin 53201-0591 ("JCI") and OHIO CASUALTY INSURANCE COMPANY, located at 11350 McCormick Road, Suite 800, Hunt Valley, Maryland 21031 ("Ohio Casualty"). JCI, Haislip and Ohio Casualty are hereinafter collectively referred to as the "Parties."

WHEREAS, the parties and Fourth-Party defendant, Jones & Wood, Inc., located at 3430 Hamilton Street, Hyattsville, Maryland 20782 ("J & W") are engaged in the matter styled, Haislip Corporation v. Ohio Casualty Insurance Company v. Johnson Controls, Inc. v. Jones & Wood, Inc. in the United States District Court for the District of Columbia, Case Number: 1:05CV01049 (the "Lawsuit").

WHEREAS, Jones & Wood, Inc. ("J&W") entered into an agreement with the District of Columbia for a construction project ("Prime Contract") for the District of Columbia Central Detention Center ("Project").

WHEREAS, on or about August 2, 2005, Ohio Casualty brought a Third-Party Complaint against JCI for the amounts allegedly due and owing to Haislip.

WHEREAS, on or about September 6, 2005, JCI cross-claimed against Ohio Casualty and brought a Fourth-Party claim against J&W for amounts JCI alleges are due and owing to it for performance on the Project.

WHEREAS, the parties to the lawsuit, participated in a settlement conference on December 1, 2005 agreed to the terms for a resolution of Haislip's claim and entered a Praecipe

EXHIBIT

with the Court memorializing the terms of their settlement as follows:

> The parties have agreed that Johnson Controls will pay Haislip Corp. the sum of $75,000 in full settlement of Haislip's claims in this action, with payment to be made within seven days of the date of this notice. Johnson and Haislip agree to mutually release one another from any and all claims that were the subject of this action or in any way related to the underlying Project. Upon Haislip's receipt of payment, Haislip will dismiss its claims in the action with prejudice.

WHEREAS, counsel for Haislip, JCI and Ohio Casualty all signed the Praecipe in the presence of one another with the full consent of, and in consultation with, their respective clients.

WHEREAS, the executed Praecipe was tendered to the court and copies were provided to Haislip, JCI and Ohio Casualty.

WHEREAS the court issued an order docketing the Praecipe agreed upon by Haislip, JCI, and Ohio Casualty.

NOW, THEREFORE, the Parties, have agreed to memorialize the Praecipe agreed upon by Haislip, JCI and Ohio Casualty as follows:

1. In full and final settlement of all of Haislip's Claims in this Lawsuit or **in any way related to the underlying Project**, JCI shall issue or cause to be issued a check to Haislip in the amount of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars ("the Settlement Amount"). The Settlement Amount shall be paid in accordance with the terms agreed upon in the Praecipe **and the Settlement Agreement**.

2. Effective upon payment of the Settlement Amount by JCI to Haislip, Haislip, for itself and its successors and assigns, hereby releases, remises and forever discharges one another and their parent, subsidiary and affiliate corporations, officers, directors, employees,

2

shareholders, agents, insurers, sureties, attorneys, successors and assigns from any and all manner of actions and causes of action, suits, judgments, debts, claims, demands, accountings, grievances, contracts, obligations, warranties and rights whatsoever, in law or in equity, now existing or which may hereafter accrue by reason of any existing facts, known or unknown, foreseen or unforeseen, arising out of the Project and/or the Second Tier Subcontract, **or in any way related to the underlying Project.**

3. **Within five days after the dismissal of Haislip's Claim against Ohio Casualty, Ohio Casualty agrees to dismiss its Third-Party claim against JCI.**

4. **The Parties agree that the existence and terms of this Settlement Agreement, and the substance of all negotiations leading to the settlement, have been and will remain confidential and will not be disclosed by each other or their counsel to any person, other than to their respective accountant(s) and financial advisor(s), who may be advised of the settlement for accounting and tax purposes only and expressly on the condition that they keep the existence and terms of the settlement confidential. The foregoing shall not prohibit such disclosure (i) as may be ordered by any regulatory agency or court or as required by other lawful process, or (ii) as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement. In the event that either party is served with a subpoena (or equivalent legal process) commanding it to produce documents or provide testimony that may require it to divulge matters relating to this Settlement Agreement, the party shall immediately notify the other party, and in no case later than ten (10) days prior to the response date stated in the subpoena, unless the subpoena requires a response earlier than ten (10) days from receipt.**

5. The parties acknowledge that the Settlement Amount provides good, sufficient and adequate consideration for every promise, duty, release, obligation, agreement and right contained in this Settlement Agreement.

6. The Parties acknowledge that this Settlement Agreement is not an admission by JCI of any wrongdoing or liability.

7. The Parties acknowledge that the terms of the Praecipe contained the full terms of their settlement agreement. Should there be any discrepancy between the terms of the Praecipe and the terms herein, the terms of the Praecipe shall control.

8. Each party hereto shall bear its own attorneys' fees and costs arising from the actions of its counsel in connection with the claims, the Project, the Second Tier Subcontract, this Settlement Agreement, and the matters referred to herein, **or in any way related to the underlying Project.**

9. The provisions of this instrument shall be binding upon the Parties hereto and their respective successors and assigns.

10. The person executing this Settlement Agreement on behalf of each party expressly warrants and represents that he/she is duly authorized to do so in a manner, which is fully binding upon such party.

11. This Settlement Agreement is intended for the sole benefit of the Parties and shall not be construed as creating any enforceable right of action in any third party not a signatory hereto.

12. The provisions of this Settlement Agreement and/or Praecipe are severable, and if any part of it is found to be unenforceable or invalid, the surviving portions shall remain fully enforceable and valid.

13. This Settlement Agreement may be executed in two or more counterparts, or any number of duplicate originals, which together shall constitute one and the same instrument. A photocopy or facsimile copy of a signature by either party on the Settlement Agreement shall be considered the same as an original signature, and such signed document shall be treated as a duplicate original of the Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement on the date first above written by their duly authorized representatives.

**HAISLIP CORPORATION**

By: _____
Authorized Representative (print name)

Its: _____


**JOHNSON CONTROLS, INC.**

By: _____
Michael G. McCarty
Vice President/General Counsel
Controls-Americas


**OHIO CASUALTY INSURANCE COMPANY**

By: _____
**Authorized Representative (print name)**

Its: _____